J udge Owsley
delivered tho Opinion of tho Court.
Smiley sold to Roberts & Co. a negro boy named John, and on the i?Sth day of Febrmuy, 1816, executed to them a bill of sale, in which he covenanted to warrant and defend the boy against the claims of all and' every person whatsoever. The boy was afterwards carried by Roberts & Co. to the State of Louisiana, and there sold; and in a suit brought by him in that State, to recover his freedom, the boy was adjudged by tlie court to be free. Whilst that suit was pending, the purchasers from Roberts & Co. informed them thereof, and they thereupon gave notice to Smiley, and requested him to attend to the procuring evidence to prove the boy a slave.
After the hoy bad succeeded in recovering bis freedom, Roberts & Co. brought an action of covenant aginst Smiley, upon the bill of sale.
At the trial of that action, the record of the proceedings and judgment in the suit brought by the boy in Louisiana, was read in evidence, ana testimony was also introduced, going to prove notice to have been given to Smiley of the pendency of that suit, by Roberts & Co. Whereupon the court intrueted the jury, that the record was evidence that the boy John, had recovered his freedom; but that it was neither prima facie nor conclusive evidence, that the boy was entitled to his freedom.
It is not contended by either party to this contest, hut what the record of the suit brought by the boy, in Louisiana, is evidence of the fact, that the boy had recovered his freedom, but it is insisted on the part of Roberts & Co. that the court erred in deciding that the record was not also evidence, that the boy was entitled to the freedom, which, by the judgment in that suit, he recovered. The judgment is no doubt conclusive between the boy and all those who were parties thereto, and as between *271 them, or others claiming under them, would unquestionably be conclusive evidence of the right therein decided in any subsequent contest, involving the same matter. But Smiley was no party to the suit in which that judgment was rendered, nor does he claim through or under any one who was party. It is true, he sold the boy to Roberts & Co. under whom one of the parties to that suit, claimed the boy as a slave, and it is also true, that after that suit was commenced, notice thereof, is proved to have been given to Smiley by Roberts & Co. but his having had notice of the pendency of the suit, cannot, with strict propriety, be said to have made him either party or privy, so as to gjye the judgment conclusive force against him. After having had notice of the suit which was brought to try the right of freedom of the boy, which he sold as a slave, prudential considerations should have induced Smiley to have used all the means within his power, to support, in the trial of that case, the right which by his sale, he asserted to the service of the boy, and after failing to do so, public policy and the genius and spirit of the law, demands that the decision against his right, should be evidence to some extent against him. The utmost weight that should, however, be given to the judgment, as evidence against him, in a contest between him and his vendees, is to throw the burthen upon him, to prove that the boy was in fact a slave when he sold him. It has been decided by some of the American courts, that after notice to the vendor of a chattel, of a suit, brought against the vendee by a stranger, to recover it, the judgment in favor of the sti’anger is conclusive against the vendor in an action brought by his vendeee upon his warranty of title. That decision does not, however, command our assent. Such a principle if carried out, would in many cases, produce results highly unjust and reproachful to the administration of the law. Take for example, a case of the sale of a negro. When sold, the negro may be a slave, and afterwards emancipated by the vendee; the purchaser may nevertheless, hold the negro in bondage until suit is brought by him for Ms freedom, .and notice of that suit may be giv *272 en to the vendor; a recovery may be had by the negro of his freedom, and an action brought by the vendee against his vendor upon his warranty of title; and if the principle supposed be correct, the judgment in favor of the negro is conducive as to his right of freedom, and the vendee thereby enabled to recover upon tiie warranty, though in truth, there is no breach of the vendors warranty, and. though in point of fact, the negro was a slave at the time he was sold. A principle so unjust in its practical result, cannot be admitted to be correct. Equal justice between man and man would more likely be attained, by yielding to such a judgment no greater force than to allow it, to cast upon the vendor the burthen of proving the right of property to have been in him at the time he made sale thereof.
Notice having been given of the pendency of the action for the feedom, the judgment is prima, fade evidence against the vendor, that the negro^vvas free.
Wickliffe, for plaintiffs; Crittenden, for defendant.
The court below was ponseqpently correct in instructing the jury, that the record was not conclusive evidence of the right of the boy to his freedom; but the court erred in further instructing the jury, that the record was not prima facie evidence of the boy being entitled to his freedom.
The judgment, must therefore, be reversed with costs, the cause remanded to the court below, and further proceedings there had not inconsistent with this opinion.